UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHRISTOPHER GOSNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-02072 (UNA) |
| | ) | |
| | ) | |
| CATHERINE SANDERS *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on its initial review of Plaintiff's complaint and motion for leave to proceed *in forma pauperis*. The Court will grant the motion and dismiss the complaint for lack of subject-matter jurisdiction.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a). "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of New York, has sued an individual in the District of Columbia, as well as business entities in the District and in Rockville, Maryland. *See* ECF No. 1 at 2-3. Plaintiff alleges that on the evening of July 16, 2020, at the individual defendant's home in Washington, D.C., he was struck in the head by "a metal structure (window valence)" that "fell from the ceiling[.]" *Id*. at 4. Allegedly, Plaintiff "required medical attention and was admitted to e.r. where" he "was treated for head injury and lacerations." *Id*. at 5. "Afterwards," Plaintiff allegedly "was treated for neck/back trauma and tinnitus." *Id*.

For this Court to exercise jurisdiction, the personal injury complaint "must meet the standards of diversity." *Bigelow v. Knight*, 737 F. Supp. 669, 670 (D.D.C. 1990). "Citizenship is an essential element of federal diversity jurisdiction" that cannot be established by "an allegation of residence alone." *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (cleaned up). And "failing to establish citizenship is not a mere technicality." *Id*.

Plaintiff has not met his burden "of pleading the citizenship of each and every party to the action." *Id*. Nor has he pleaded the requisite amount in controversy. Consequently, this case will be dismissed by separate order.

Date:  October 26, 2023

                                                    JIA M. COBB
                                                   United States District Judge